# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Rodney Freeman<br><br>  Plaintiff,<br><br>v.<br><br>NRA Group, LLC dba National Recovery Agency<br><br>  Defendant. | Case No.<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE TELEPHONE CONSUMER PROTECTION ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff, Rodney Freeman, ("Rodney"), is a natural person who resided in Shillington, Pennsylvania, at all times relevant to this action.

2. Defendant, NRA Group, LLC dba National Recovery Agency, ("NRA"), is a Pennsylvania Limited Liability Company that maintained its principal place of business in Harrisburg, Pennsylvania, at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq. and the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because Defendant resides and is subject to personal jurisdiction in this judicial district in that it is registered to do business with the Illinois Secretary of State, holds an Illinois Collection Agency license with the Illinois

Department of Financial and Professional Regulation permitting it to collect debt in this District and has been sued and appeared in this District on multiple occasions. See, e.g., *Vision Wine & Spirits, LLC v. Winery Exchange, Inc.*, No. 12 Civ. 6677, 2013 WL 1737015, at *2 (D.N.J. Apr. 22, 2013) (finding the statute satisfied where personal jurisdiction can be established either through specific or general jurisdiction).

### STATEMENT OF FACTS

5. NRA uses a predictive dialer system.

6. Before NRA began contacting Rodney, it and Rodney had no prior business relationship and Rodney had never provided express consent to NRA to be contacted on his cellular telephone.

7. NRA regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

8. The principal source of NRA's revenue is debt collection.

9. NRA is a "debt collector" as defined by 15 U.S.C. §1692a(6).

10. As described, *infra*, NRA contacted Rodney to collect a debt that was incurred primarily for personal, family, or household purposes.

11. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

12. Rodney is a "consumer" as defined by 15 U.S.C. §1692a(3).

13. On several occasions, the dates of which will be discovered through discovery, NRA willingly and knowingly used an automatic telephone dialing system to call Rodney on his cellular phone multiple times in violation of the TCPA. See *Mais v. Gulf Coast Collection Bureau, Inc.*, 2013 U.S. Dist. LEXIS 65603, *10 (S.D. Fla. 2013); See also *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265 (3rd Cir. 2013).

14. Less than a year ago, NRA began contacting Rodney on Rodney's cellular phone in connection with the collection of the debt.

15. On or around April 16, 2014, Rodney contacted NRA.

16. During this communication, Rodney requested NRA cease further calls to Rodney.

17. During this communication, NRA told Rodney that Rodney would be removed from NRA's call list.

18. Despite Rodney's request, NRA contacted Rodney on Rodney's cellular phone in connection with the collection of the debt on more than one occasion.

19. NRA told Rodney that Rodney would be removed from NRA's call list, which was a misrepresentation as evidenced by the fact that NRA continued to contact Rodney on Rodney's cellular phone in connection with the collection of the debt.

20. Rodney repeatedly requested NRA cease further calls to Rodney.

21. On or around May 2, 2014, Rodney contacted NRA and notified NRA that Rodney was represented by an attorney. Additionally, Rodney provided NRA with Rodney's attorney's contact information.

22. Despite this notice, NRA contacted Rodney on Rodney's cellular phone in connection with the collection of the debt on more than one occasion.

23. NRA attempted to collect a debt from Rodney.

24. NRA violated the FDCPA and the TCPA.

## COUNT ONE

**Violation of the Fair Debt Collection Practices Act**

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at a time or place known to be inconvenient for Plaintiff.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. Defendant violated 15 U.S.C. §1692c(a)(2) by communicating with Plaintiff notwithstanding knowledge that Plaintiff was represented by an attorney with respect to the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

29. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

30. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

31. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

32. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

33. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

34. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## COUNT SIX

### Violations of the Telephone Consumer Protection Act

35. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

36. Defendant willingly and knowingly violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Plaintiff's cellular telephone using both an automatic telephone dialing system without Plaintiff's prior express consent.

### JURY DEMAND

37. Plaintiff demands a trial by jury.

### PRAYER FOR RELIEF

38. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. An order enjoining Defendant from placing further telephone calls to Plaintiff's cellular telephone number pursuant to 47 U.S.C. § 227(b)(3).

   c. Judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

   d. For such other legal and/or equitable relief as the Court deems appropriate.

        RESPECTFULLY SUBMITTED,

        Hyslip & Taylor, LLC LPA


        By: /s/ Jeffrey S. Hyslip
        One of Plaintiff's Attorneys

Date: September 4, 2014

Jeffrey S. Hyslip, Esq.
1100 W. Cermak Rd., Suite B410
Chicago, IL  60608
Phone: 312-380-6110
Email: jeffrey@lifetimedebtsolutions.com